ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY 30 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| AMERICOPTERS, L.L.C.<br><br>        Plaintiff,<br><br>  vs.<br><br>FEDERAL AVIATION<br>ADMINISTRATION,<br><br>        Defendants. | CIVIL ACTION 03-00005<br><br>**MOTION TO DISMISS FOR**<br>**LACK OF JURISDICTION** |

      The United States respectfully moves for the dismissal of the above entitled case due to a lack of jurisdiction.

      The United States does not necessarily agree that the events described in the Plaintiff's Complaint are factually accurate nor that the decisions are administratively final. Taking Plaintiff's Complaint as true on its face, however, it is a cause of action against the Federal

Aviation Administration (FAA) for an action it has taken resulting in Plaintiff being ordered to cease and desist Plaintiff's helicopter operation at Chuck's Steakhouse in upper Tumon, Guam.

The United States Court of Appeals maintains exclusive jurisdiction to review final decisions and actions made by the Federal Aviation Administration (FAA). *See* 49 U.S.C. § 46110; <u>Roundtree v. United States</u>, 40 F.3d 1036 (9th Cir. 1994). In <u>Roundtree</u> a pilot whose certificate was suspended challenged the FAA in U.S. District Court. The court in <u>Roundtree</u> dismissed the case for lack of jurisdiction and sanctioned the attorney. Unlike <u>Roundtree</u> this case is simply mistakenly filed in U.S. District. Cases challenging FAA decisions and actions are rare in this jurisdiction and exclusive jurisdiction for review of an agency action in the circuit courts is relatively unusual.

Clearly, the Ninth Circuit finds jurisdiction for causes of action against the FAA to be solely in the jurisdiction of the circuit courts. <u>Tur v. Federal Aviation Administration</u>, 104 F.3d 290 (9th Cir. 1996) (attack on false testimony of FAA official was collateral attack on merits of FAA decision, therefor district court was without jurisdiction); <u>Clark v. Busey</u>, 959 F.2d 808 (9th Cir. 1992) (district court lacked jurisdiction over suit challenging FAA publication of rule making petition summary even though plaintiff invoked All Writs Act which does empower federal courts to issue interlocutory relief for nonfinal agency action); <u>Mace v. Skinner</u>, 34 F.3d 854 (9th Cir. 1994) (no jurisdiction to review decisions of NTSB's upholding FAA orders where individuals had challenged constitutionality of procedures used to revoke aircraft mechanic certificate); <u>Hawaii Helicopter Operators Association v. FAA</u>, 51 F.3d 212 (9th Cir. 1995) (FAA regulations establishing special operating rules for helicopter tour operators in Hawaii upheld).

In the instant case, Americoptors claims that an operations inspector from the FAA took actions which "had equivalent effect of an authorized and legal cease and desist order". COMPLAINT at ¶ 1. Plaintiff describes a "catch 22" where the FAA, in denying its status as an order, did not give notice or allow for a hearing. The plaintiff is asking the Court for "(j)udgment in favor of Americopters and against the Federal Aviation Administration, ordering

rescission of the June 24, 2002 cease and desist order." *See* Plaintiff's Prayer for Relief in the COMPLAINT. Only a circuit court has that jurisdiction.

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted this <u>28th</u> Day of May, 2003.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I, Teresa Ann Catahay, hereby certify that on the 30th day of May, 2003, I caused to be served by hand-delivery, a copy of the foregoing Motion to Dismiss for Lack of Jurisdiction to the following attorney of record:

        Elyze J. T. McDonald
        Carlsmith Ball
        Suite 401, Bank of Hawaii Building
        134 West Soledad Avenue
        Hagatna, Guam 96910

DATED this 30th day of May, 2003.

                                          _/s/ Teresa Ann Catahay_
                                          Teresa Ann Catahay
                                          Clerk OA