ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel : (671) 472-7332
Fax : (671) 472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV 29 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| AMERICOPTERS. LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL AVIATION<br>ADMINISTRATION,<br><br>　　　　　Defendant. | CV 03-00005<br><br><br><br>**MOTION TO SET ASIDE<br>DEFAULT; UNINTENTIONAL<br>ERROR, CLERICAL MISTAKE** |

Pursuant to Fed. R. Civ. Pro. 60(b) and 55 the United States respectfully moves to set aside the default in the above entitled case and allow for the filing of a Motion To Dismiss. Any inactions which have lead to a default were due to an unintentional clerical error on the part of this Assistant United States Attorney. That error(s) resulted from confusion over a particular issue. The error was solely on the part of this individual attorney and not an action by the United States with intent to willfully neglect or default. The United States further asks for leave to file its Motion To Dismiss in this matter.

Matters of aviation are often handled by specialized attorneys at the U.S. Department of Justice and/or the FAA. However, in instances where the claim is one solely for damages, and the amount of those damages is less than $10,000.00, the responsibility is entirely on the Assistant United States Attorney in the District.

It was most logical that the Plaintiff in this action would be claiming an amount greater than $ 10,000.00. Therefor, this AUSA did not include the case on the District's calendar for responses due. **Not placing the case on the District calendar for response was an error on the part of this AUSA and thus led to the non-filing of the disclosures pursuant to the Scheduling Order.**

As recently as November 3, 2006, plaintiff's counsel communicated in writing that they would "be able to provide you with a figure of the claims shortly." Subsequently, however, plaintiff made it clear that they would not reveal whether they were or were not claiming more than $10,000.00. By **not** placing the case on calendar for response, this AUSA caused the non-filing on initial disclosures on October 16, 2006. Not calendaring, and thus not submitting an initial disclosure, was in no way an intentional violation of the Scheduling Order. The clerical mistake was personal (the result of confusion over an issue of jurisdictional responsibility) and should not result in a default against the United States.

It is noteworthy that LR 26.2(c) requires that Plaintiffs file an initial disclosure that includes "a computation of any damages claimed". Having avoided compliance with the Scheduling Order themselves, and knowing that the AUSA was standing by for the declaration of damages, the Plaintiff then filed for an Entry of Default Judgment against the United States for its failure to comply with that same rule.[1]

Fed. Rules of Civ. Pro., Rule 60, allows for relief from a Judgment where the Court finds a mistake or inadvertence. Defaults are a disfavored conclusion to a civil action. <u>Schwab</u>

---

[1] Plaintiff's request for entry of default also states that an Answer has never been filed, implying neglect. In fact, the Complaint was dismissed, the dismissal was affirmed, and the Plaintiff has never filed an Amended Complaint to conform to the ruling of the Ninth Circuit in remanding the case on the issue of Constitutional damages.

2

v. Bullock's Inc., 508 F.2d 353, 356 (9th Cir. 1974) ("...the court faced with a motion to vacate default is required to resolve doubt in the movant's favor.") Defaults against the United States are particularly disfavored and generally require more than missing of a date for submission of a pleading. Borzeka v. Heckler, 739 F.2d 444, 446 (9th Cir. 1984).

One of the reasons for disfavoring a default against the United States was enunciated by the Fifth Circuit: "(Rule 55(e) rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty...." Campbell v. Eastland, 307 F.2d 478, 491 (5th Cir. 1962). A default against the people has an added dimension that is to be avoided. Rule 55 (e) states that "(n)o judgment by default shall be entered against the United States ... unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." *See* Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).

In AutoAlliance International, Inc. v. United States, 350 F.Supp.2d 1244 (U.S. CIT 2004), the United States failed to timely file an answer to a claim. The Court set aside the default entry due to "excusable neglect". The Court noted that the failure to file a timely response "does not appear to have been in bad faith, wilful, or more than inadvertent error." 350 F.Supp. at 1248; *citing*, O'Connor v. U.S. Army Claims Service, 29 F.3d 633, (9th Cir. 1994) ("The magistrate judge found no misconduct by the attorney and that, even if there had been misconduct, **default against the United States** was not warranted.") (emphasis in the original) 350 F.Supp. at 1246.

Prejudice to the party that sought the entry of default is absent in this case. The standard for "prejudice" is whether [plaintiff's] ability to pursue his claim will be hindered. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), *citing* Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). The delay would have to result in tangible harm such as loss of

3

evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996). The ordinary cost of litigating is not cognizable as a prejudice factor. TCI Group Life Ins. Plan, *supra*. at 701.

The history of this case is instructive. The United States had initially responded to Plaintiff's Complaint by the timely filing of a Motion to Dismiss. That Motion was granted by the District Court. On appeal the Ninth Circuit, although critical of both parties, did affirm the dismissal, but the Court also remanded the case on the narrow issue of whether Plaintiff may still prove any "constitutional claims for damages (takings claims)" based on the communications from the FAA employee. Americoptors v. FAA, 441 F3d 726, 738 (9th Cir. 2006). The District Court issued its Amended Scheduling Order on August 15, 2006.

The United States is late in filing its Initial Disclosures. The reason for that is explained in the Affidavit of Mikel W. Schwab. This AUSA did not calendar the response date because of an incorrect expectation that the damages claim would be for greater than $ 10,000.00 and that the Plaintiffs would so declare. This error will be corrected and the AUSA offers his apology for the inadvertent, unintentional clerical error.

4

Therefore, it is humbly and apologetically requested that the Court set aside the default and allow the United States to file its Motion to Dismiss.

So submitted this 29th day of November, 2006.

LEONARDO M. RAPADAS<br>
United States Attorney<br>
Districts of Guam and the NMI<br>
<br>
By: /s/ Mikel W. Schwab<br>
MIKEL W. SCHWAB<br>
Assistant U.S. Attorney