LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel : (671) 472-7332
Fax : (671) 472-7215

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
NOV 29 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| AMERICOPTERS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>    Defendant. | CV 03-00005<br><br>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER** |

    The United States respectfully moves for the dismissal of the above entitled case because the plaintiff fails to state a claim upon which relief may be granted. In the alternative, defendant requests that this Court transfer this action to the Court of Federal Claims.

STATEMENT OF THE CASE

I.    <u>Nature Of The Case</u>

    Plaintiff, Americopters, LLC, filed a complaint in this Court alleging that the Federal Aviation Administration ("FAA") had violated 14 C.F.R. § 13.20(b) and had committed a regulatory taking of its property in violation of the Fifth Amendment to the Constitution. After defendant filed a motion to dismiss, this Court dismissed the complaint by memorandum order dated December 29, 2003 because the Court lacked jurisdiction.

    Americopters appealed to the Ninth Circuit. The court of appeals affirmed in part, but reversed the dismissal of the takings claim and remanded to this Court. Americopters, LLC v. FAA, 441 F.3d 726, 738 (9th Cir. 2006). The court of appeals ruled that Americopters' takings

claim was not inescapably intertwined with an administrative challenge to an FAA order because there was no pending FAA order and no previous agency determination on the merits. Id.

II.   Statement Of Facts

The following facts are taken from Americopters' complaint. We presume them to be true for purposes of this motion only.

Americopters ran a helicopter tour business from a rooftop helipad at a restaurant, Chuck's Steak House ("Chuck's"), in Guam. Complaint ("Co.") at ¶ 5. In February 2002, Clarence Kanae, Principal Operations Inspector for the FAA's regional flight standards office, inspected the helipad at Chuck's. Id. According to Americopters, during that visit, Mr. Kanae verbally identified a number of deficiencies of the helipad but never documented these concerns. Id. at ¶ 6. Americopters asked Mr. Kanae to "clarify and confirm with you all of the changes that you would like us to make to ... Chuck's" and provided him a list of improvements Americopters intended to make. Co. at ¶7, Exhibit ("Ex.") A.

On June 24, 2002, Americopters received a letter from Mr. Kanae that stated:

> This letter is to inform you that the use of the roof top as a helicopter-pad, at Chuck's Steak House, is considered unsafe, and does not meet the [FAA] Advisory Circular 150-5390-2A Heliport Design requirements. This AC is [a]dvisory in nature; however, this office feels that [14 C.F.R. § 91.13] will apply to this operation if the AC is not followed. Therefore, this office is requiring that your company immediately cease use of the Chuck's Steak House rooftop for all flight operations.

Co. at ¶ 10, Ex. B.

On August 13, 2002, counsel for Americopters wrote to the FAA alleging that Mr. Kanae's letter ordered it to cease operations without prior notice in violation of 14 C.F.R. § 13.20(b). Co. at ¶ 13, Ex. D. Americopters requested rescission of the cease operations order, confirmation that planned improvements to the helipad at Chuck's would comply with FAA regulations, and 90 days to install improvements approved by the FAA. Id. In the alternative, Americopters requested a hearing pursuant to § 13.20(c). Id.

Americopters' complaint alleges that Mr. Kanae acted without authority, legal cause, other justification or prior notice, and that he acted outside the scope of his employment. Co. at ¶

2

10. As the court of appeals noted, the FAA agrees Mr. Kanae did not have the authority to issue orders upon behalf of the FAA. <u>Americopters</u>, 441 F.2d at 737.

## ARGUMENT

### I. Standard Of Review

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "appears beyond doubt that the non-movant can prove no set of facts to support its claims." <u>Simpson v. AOL Time Warner Inc.</u>, 452 F.3d 1040, 1046 (9th Cir.2006). Alternatively, dismissal can be based upon the lack of a cognizable legal theory. <u>SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.</u>, 88 F3d 780, 783 (9th Cir.1996). In evaluating such a motion "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party, but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." <u>Simpson</u>, 452 F.3d at 1046.

### II. The United States Is Not Liable For The Unauthorized Actions Of Its Employees

The Little Tucker Act, 28 U.S.C. § 1346(a)(2), confers jurisdiction upon a district court to consider takings claims against the Government that do not exceed $10,000. When district court jurisdiction is based upon the Little Tucker Act, final decisions of the court are appealed to the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(2).

"A 'taking' occurs when the Government exercises its proper contract, property or regulatory power to control property or rights which it does not acquire through purchase." <u>Torres v. United States</u>, 15 Cl. Ct. 212, 215 (1988). The Government may not take private property for public use without providing just compensation. <u>First English Evangelical Lutheran Church of Glendale v. County of Los Angeles</u>, 482 U.S. 304, 314-15 (1987).

Under some circumstances, regulatory action infringing upon private property without providing just compensation is invalidated on the basis that it "goes too far." <u>Hodel v. Irving</u>, 481 U.S. 704, 718 (1987). However, the "Government hardly could go on if to some extent

3

values incident to property could not be diminished without paying for every such change in the general law." Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 413 (1922). "The general rule at least is, that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." Id. at 415. The "Fifth Amendment's guarantee . . . [is] designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49 (1960).

A threshold issue in a takings case is whether the taking is based upon authorized Government conduct. Regional Rail Reorganization Act Cases, 419 U.S. 102, 126-27 n.16 (1974); Robert A. Hooe v. United States, 218 U.S. 322 (1910); Short v. United States, 50 F.3d 994, 1000 (Fed. Cir. 1995). The plaintiff bears the burden of proving authority as an element of a cause of action for just compensation. Coast Indian Community v. United States, 550 F.2d 639, 649 (Ct. Cl. 1977).[1] The act at issue must be "authorized, expressly or by necessary implication, . . . by some act of Congress," in order for the Government to be liable for a taking. Regional Rail Reorganization Act Cases, 419 U.S. at 127 n.16 (quoting Hooe, 218 U.S. at 336).

Here, both Americopters (Co. at ¶ 10) and the FAA agree that Mr. Kanae's actions were not authorized. Americopters, 441 F.2d at 737. Americopters admission that the actions were unauthorized (and the FAA's agreement) is fatal to Americopters case. Because the actions were unauthorized, Americopters complaint fails to state a claim upon which relief may be granted. E.g., Regional Rail Reorganization Act Cases, 419 U.S. at 127 n.16. Accordingly, the Court should dismiss the complaint.

III. In The Alternative, This Court Should Transfer This Action To The Court Of Federal Claims Unless It Agrees To Limit Its Damages To $10,000

---

[1] The Court of Claims is the predecessor court to the Federal Circuit. In South Corp. v. United States, 690 F.2d 1368, 1370 (Fed. Cir.1982), the Federal Circuit adopted the precedent of the Court of Claims.

The Federal transfer statute provides in relevant part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed ....

28 U.S.C. § 1631. The determination as to whether a district court or the Court of Federal Claims possesses jurisdiction to consider a takings claim depends upon the amount in controversy. As we stated above, this Court may consider a takings claim if the plaintiff seeks no more than $10,000 in damages. 28 U.S.C. § 1346(a)(2). If the plaintiff seeks more than $10,000, the Court of Federal Claims possesses exclusive jurisdiction to consider the action. Eastern Enterprises v. Apfel, 524 U.S. 498, 520 (1998).

Americopters does not state the amount it seeks in its complaint. Nor has it yet responded to our requests that it specify the amount that it seeks. It has given no indication that it is willing to limit its damages to $10,000. Accordingly, unless Americopters agrees to limit its damages to $10,000, defendant respectfully requests that the Court transfer this action to the Court of Federal Claims.

Respectfully submitted this 29th day of November, 2006.

LEONARDO M. RAPADAS
United States Attorney
District of Guam and CNMI

By: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

5

Case 1:03-cv-00005    Document 31    Filed 11/29/2006    Page 5 of 5