CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Americopters, L.L.C.

FILED
DISTRICT COURT OF GUAM
DEC 13 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMERICOPTERS, L.L.C.,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | CIVIL CASE NO. CIV03-00005<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT; UNINTENTIONAL ERROR, CLERICAL MISTAKE; DECLARATION OF SERVICE** |

The Court entered default against Defendant Federal Aviation Administration on November 20, 2006. On November 29, 2006, the FAA filed a "Motion to Set Aside Default; Unintentional Error, Clerical Mistake." *See* Mot. to Set Aside Default. For the reasons stated below, the FAA's Motion should be denied and default judgment entered.

The FAA has moved to set aside the default on grounds that its legal counsel, the Assistant United States Attorney (AUSA), made a calendaring error which took this case off his radar screen. In particular, the AUSA assumed that this aviation case would be handled by "specialized attorneys at the U.S. Dept. of Justice and the FAA". Mot. to Set Aside Default at 1.

The alleged calendaring error revolves, apparently, around the amount of damages Plaintiff will seek at trial. According to the AUSA, if the amount is $10,000 or less, the AUSA would retain jurisdiction of and responsibility for defending the action. Again, according to the AUSA, if on the other hand Plaintiff seeks damages greater that $10,000, then the case would, apparently, be handled by "specialized attorneys at the U.S. Dept. of Justice and the FAA".

While the AUSA *admits assuming the damages would be greater than $10,000,* Mot. to Set Aside Default at 2, which according to the AUSA's version of events should have triggered alternative calendaring by the specialized attorneys at the U.S. Dept. of Justice and the FAA, the AUSA offers no explanation why the so-called specialized attorneys also failed to calendar the action for timely responsive pleadings, such as an answer to the complaint and initial disclosures. Then, as we read the Motion to Set Aside, the AUSA attempts to shift blame for the calendaring error to Plaintiff Americopters, LLC ("Americopters") contending that Americopters' initial disclosures were misleading by not stating a liquidated amount of damages. It is curious that the AUSA's review of Americopters' Initial Disclosures did not trigger him to ensure that he or the specialized attorneys filed the Government's Initial Disclosures as well. In the light of the admitted assumption of damages greater than $10,000, as well as timely subsequent disclosures by Americopters clearly showing damages in the six-figure range, the kindest label one may apply to the AUSA's position is disingenuous, if not intentional and warranting entry of default.

What's more, in considering the FAA's motion to set aside the default, the Court should note that despite the events described above, and subsequent initial disclosures by Americopters specifying the damages it seeks, ***the FAA has not yet even filed an Answer or an initial disclosure pleading, let alone produced any documents in conjunction with disclosures.*** To seek an order setting aside default under these circumstances is at least impudent if not indicative

of intentional disrespect for the Court's Scheduling Order, and the Order entering default as that order likewise notes the failure to make initial disclosures.

The AUSA's explanation of clerical error does not cure the Government's complete failure to file an Answer or Initial Disclosures, but only raises more questions as to how much the Government was aware of its obligation to do so and still failed to file anything. Based on the above, the Court should deny the motion to set aside the default and instead schedule the necessary proceedings for Americopters to establish its damages to be awarded by way of default judgment. Alternatively, granting the motion to set aside the default should be made expressly conditional on the FAA making its initial disclosures forthwith.

DATED: Hagåtña, Guam, December 13, 2006.

CARLSMITH BALL LLP

/s/ Elyze McDonald
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Americopters, L.L.C.

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on December 13, 2006, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT; UNINTENTIONAL ERROR, CLERICAL MISTAKE; DECLARATION OF SERVICE upon the following Counsels of record:

>Mikel W. Schwab
>Assistant U.S. Attorney
>OFFICE OF THE UNITED STATES ATTORNEY
>DISTRICT OF GUAM AND CNMI
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam USA 96910
>**Attorneys for Plaintiff United States of America**

Executed this 13th day of December 2006 at Hagåtña, Guam.

*/s/ Elyze McDonald*
ELYZE MCDONALD