CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Americopters, L.L.C.

**FILED**
DISTRICT COURT OF GUAM

DEC 13 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMERICOPTERS, L.L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>    Defendant. | CIVIL CASE NO. CIV03-00005<br><br>**PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER; DECLARATION OF SERVICE** |

Defendant Federal Aviation Administration ("FAA") improperly filed a Motion to Dismiss Plaintiff Americopters LLC's ("Americopters") Complaint after default had been entered against it. As all allegations in the Complaint are deemed admitted, there are no grounds for the Court to entertain the Motion to Dismiss until it rules on the entry of default. The Motion to Dismiss should be stricken or held in abeyance pending a decision on the FAA's Motion to Set Aside Default.

The Court entered default against Defendant Federal Aviation Administration on November 20, 2006. On November 29, 2006, the FAA filed a "Motion to Set Aside Default; Unintentional Error, Clerical Mistake." In the FAA's Motion to Set Aside Default, the FAA asks

for leave to file a Motion to Dismiss this case. *See* Mot. to Set Aside Default at 1. However, also on November 29, 2006, the FAA filed a Motion to Dismiss the Complaint.

The Motion to Dismiss was improperly filed as default has been entered against the FAA. Once default was entered, the facts alleged by Americopters were deemed admitted, and the FAA lost standing to contest the allegations stated in the Complaint. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The FAA therefore lost standing to move to dismiss the Complaint on November 20, 2006, signifying that the Motion to Dismiss was improperly filed. [1]

Only if the Court sets aside the entry of default can the FAA then move to dismiss the Complaint. Otherwise, Americopters is not obliged to respond to the improperly filed Motion to Dismiss. Instead, Americopters is filing concurrently herewith an Opposition to the Motion to Set Aside Default. Should default be set aside, Americopters will file motions to amend the complaints and motions to convert the Motion to Dismiss to a Motion for Summary Judgment, for which Americopters would be entitled to conduct discovery under Federal Rule of Civil Procedure 56(f). Americopters will seek additional time to conduct discovery in order to adequately respond to the Motion to Dismiss.

For the foregoing reasons, Americopters asks that the Motion to Dismiss be stricken or held in abeyance until the Court rules upon the FAA's Motion to Set Aside Default.

---

[1] One treatise describes a similar scenario and explains the appropriate remedy as follows:

> Defendant fails to answer or otherwise respond within the requisite time period. Plaintiff requests entry of default and entry is made. Defendant then seeks to file an answer. It is too late. The court will not accept the answer for filing. Should the clerk do so, the court will order it stricken. The only procedure available to the defendant is to file a motion to set aside the default.

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2006).

DATED: Hagåtña, Guam, December 13, 2006.

CARLSMITH BALL LLP

*[signature: Elyze McDonald]*
_____
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Americopters, L.L.C.

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on December 13, 2006, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER; DECLARATION OF SERVICE upon the following Counsels of record:

>Mikel W. Schwab
>Assistant U.S. Attorney
>OFFICE OF THE UNITED STATES ATTORNEY
>DISTRICT OF GUAM AND CNMI
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam USA 96910
>**Attorneys for Plaintiff United States of America**

Executed this 13th day of December 2006 at Hagåtña, Guam.

*[signature]*
ELYZE MCDONALD