CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Americopters, L.L.C.

FILED
DISTRICT COURT OF GUAM
DEC 18 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMERICOPTERS, L.L.C.,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | CIVIL CASE NO. CIV03-00005<br><br>**PLAINTIFF'S MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBIT A; DECLARATION OF SERVICE** |

Plaintiff Americopters, LLC ("Americopters") hereby moves the Court for an order granting Americopters leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15. This motion is supported by the attached Memorandum of Points and Authorities, an exemplar of the proposed amended complaint attached as Exhibit A, and the records and files for this action.

DATED: Hagåtña, Guam, December 18, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Americopters, L.L.C.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action is on remand from the Ninth Circuit, 441 F.3d 726 (9th. Cir. 2006). On appeal, the Ninth Circuit affirmed the District Court's dismissal of certain claims and reversed and remanded Americopters' constitutional takings claim for damages. Id. at 738. Americopters moves the Court for an order granting leave to amend its Complaint to be consistent with the Ninth Circuit remand order and to conform the complaint to the evidence concerning a certain FAA employee whose actions are at the heart of the takings claim.

It would at least appear that the FAA does not oppose this motion. In recently filed pleadings the FAA has made a point of noting that Americopters must amend its complaint to comport with the Ninth Circuit remand order. *See* Motion To Set Aside Default at 2, f.n. 1 (filed Nov. 29, 2006). Americopters takes this as the equivalent of the FAA having no opposition to the amended complaint or this motion. If the FAA does oppose, that makes it self-evident that the FAA wants it both ways selecting at the given time which way best suits its purposes. For the reasons explained below, the proposed amendment meets Rule 15 standards and the Court should grant the motion to amend.

As noted above, the Ninth Circuit affirmed dismissal of all claims stated in the original complaint except the constitutional takings claim for damages. In recently filed pleadings the FAA has contended that the takings claim fails to state a claim on which relief may be granted because it is based on conduct of an FAA employee who at the time of the actions in question allegedly acted outside the scope of his employment. Correspondence authored by an FAA official shows this contention lacks merit. The proposed amended complaint will address the takings claim, the FAA's contention, and the evidence to the contrary. Americopters respectfully requests the Court to grant leave to amend under Fed. R. Civ. P. 15.

## II. LEGAL DISCUSSION

Pursuant to Fed. R. Civ. P. 15 leave to amend pleadings shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The U.S. Supreme Court has written that the mandate of Rule 15(a) should be heeded. *Foman v. Davis*, 371 U.S. 178 (1962). The Ninth Circuit has held that Rule 15's policy of favoring amendments should be applied with "extreme liberality" and that absent bad faith, futility, undue prejudice or excessive delay, motions for leave to amend should generally be granted. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Keiter v. Penn Mut. Ins. Co.*, 900 F. Supp. 1339, 1342 (D. Haw. 1995).

Here, Americopters seeks leave to amend the Complaint to conform to the Ninth Circuit's remand order and also to conform to certain evidence contained in the Record on Appeal. In particular, the amended complaint asserts only the claim remanded and addresses the FAA's contention that the FAA employee involved in the unlawful taking of Americopters' property acted outside the scope of his employment.

None of the parties in this case will see any prejudice as a result of the Court granting leave to amend. The motion is timely and comes before any discovery by either party on the remanded claim. The amended complaint does not bring in any new parties to this case. The trial date is still twelve months away and there is ample time for any additional discovery required, even though it is highly unlikely that the amendment will raise any new issues for discovery.

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, Americopters respectfully requests that the Court grant it leave to amend its Complaint, an exemplar of which is attached as Exh. A.

DATED: Hagåtña, Guam, December 18, 2006.

CARLSMITH BALL LLP

/s/ David Ledger
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Americopters, L.L.C.

# EXHIBIT "A"

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Americopters, LLC

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMERICOPTERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | CIVIL CASE NO. CV03-00005<br><br>**FIRST AMENDED COMPLAINT** |

On remand from the Ninth Circuit Court of Appeals, 441 F.3d 726 (9th Cir. 2006), Plaintiff alleges the following:

1. The Court has original and exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1331, there being federal and constitutional law questions for this Court to resolve.

2. Americopters, LLC is a corporation organized and existing according to law.

3. The Federal Aviation Administration is an agency of the United States government, that pursuant to the Federal Aviation Act of 1958, as amended, regulates aircraft.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the

events on which the claims in this Complaint are based occurred in the Territory of Guam.

5. On February 14, 2002, Honolulu Flight Standards District Office (FSDO) conducted pilot checkrides and an inspection of Americopters' operation at Chucks Steakhouse in Upper Tumon, Guam. FAA employee and Principal Operations Inspector Mr. Clarence Kanae of Honolulu FSDO conducted the checkride and the inspection.

6. At that time, Mr. Kanae verbally described what he considered to be deficiencies at the Chucks site and requested improvements to the site. Mr. Kanae did not state his concerns in writing, nor did he subsequently do so despite repeated requests by Americopters.

7. As a result, on February 18, 2002, to confirm the site improvements Mr. Kanae had requested, Americopters wrote to Mr. Kanae. See Ex. A. Mr. Kanae did not respond in any way.

8. As a result, on March 3, 2002, Americopters re-faxed the letter to Mr. Kanae. Again, Mr. Kanae did not respond in any way.

9. This pattern of "no response" from Mr. Kanae and Honolulu FSDO continued until April 2, 2002 when, for the *fifth* time, Americopters again faxed its February 18th letter to Mr. Kanae. See handwritten notations on Ex. A. Even then, neither Mr. Kanae nor other FAA employees at the Honolulu FSDO responded in any way.

10. Nonetheless, on June 24, 2002, the FAA, through its employee Mr. Kanae, without prior notice or allowing Americopters an opportunity to be heard in any manner, wrote to Americopters demanding Americopters to "immediately cease the use of the Chucks Steakhouse rooftop for all flight operations." See Ex. B. The FAA did not provide Americopters "with notice prior to issuance" of the cease and desist directive, even though such notice is required by law.

11. Apparently in Mr. Kanae's absence, his superior and fellow FAA employee Don Hamilton, signed the FAA's June 24, 2002 letter to Americopters. Mr. Hamilton signing the letter "for Mr. Kanae" is an endorsement that Mr. Kanae was acting within the scope of his employment at all times pertinent.

12. The FAA's cease and desist directive, issued by its employee Mr. Kanae, constituted an unlawful taking of Americopters' property without due process of law. In particular, Americopters' flight operations, office, reservations center, and retail outlet were shut down. This caused Americopters to lose revenue and profit, business goodwill, future business, and to incur substantial expenses as a result of having to move to and conduct its flights from another location on Guam.

13. As a result, on August 4, 2002 Americopters wrote a letter of protest to Mr. Peter Beckner, Manager, Honolulu FSDO (Mr. Kanae's boss). See Ex. C. Americopters also followed up with a phone call to Mr. Beckner, only to be told that neither Mr. Beckner nor Mr. Kanae "were available to take the call," nor could the person who did take the call comment on Americopters' August 4, 2002 letter.

14. Subsequently, the FAA denied each and every one of Americopters' requests to be heard and for due process of law.

15. The FAA determined that Mr. Kanae was acting within the scope of his employment with the FAA at all relevant times.

16. As a result of the events described above, especially being forced to shut down business operations without prior notice and the opportunity to be heard, Americopters' property was unlawfully taken without due process of law.

## COUNT I: VIOLATION OF DUE PROCESS UNDER AMENDMENT V

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. The actions of the FAA, through Mr. Kanae as an employee of the FAA acting within the scope of his employment, constitute violations of due process under Amendment V to the United States Constitution and therefore, an illegal taking of Americopters' property.

WHEREFORE, Americopters prays for the following relief:

1. Judgment in favor of Americopters and against the Federal Aviation Administration.

2. Actual and consequential damages according to proof.

4. Attorneys fees and costs.

5. Such other and further relief as the Court deems proper.

DATED: Hagåtña, Guam, December _____, 2006.

CARLSMITH BALL LLP

                                                    DAVID LEDGER
                                                    ELYZE J. MCDONALD
                                                    Attorneys for Plaintiff
                                                    Americopters, LLC

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 18, 2006, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBIT A; DECLARATION OF SERVICE upon the following Counsels of record:

>Mikel W. Schwab
>Assistant U.S. Attorney
>OFFICE OF THE UNITED STATES ATTORNEY
>DISTRICT OF GUAM AND CNMI
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam USA 96910
>**Attorneys for Plaintiff United States of America**

Executed this 18th day of December 2006 at Hagåtña, Guam.

_____
DAVID LEDGER