# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| AMERICOPTERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | Civil Case No. 03-00005<br><br>ORDER<br>Granting Motion to Amend Complaint<br>**and**<br>REPORT & RECOMMENDATION<br>To Set Aside Entry of Default |

Presently before the Court are two matters: (1) the Plaintiff's Motion to Amend Complaint ("Motion to Amend") (Docket No. 35) and (2) the Defendant's Motion to Set Aside Default (Docket No. 29). The Court believes that oral argument will not aid the Court in resolving said motions, and accordingly issues the following Order and Report & Recommendation without the need for further hearings.[1]

**DISCUSSION**

The Complaint was originally filed in February 2003. The Plaintiff thereafter appealed following the dismissal of the action by this Court based on a lack of jurisdiction. The Court of Appeals for the Ninth Circuit affirmed in part, reversed in part and remanded the action for trial on the damages claim based on alleged due process violations by the FAA.

---

[1] Pursuant to Rule LR 7.1(e)(3), "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

1   Following the remand of this case, the Court met with the parties in August 2006 for a scheduling conference. At said conference, the Plaintiff's counsel stated the Plaintiff intended to file an amended complaint in order to delete the claims that were no longer viable in light of the decision of the Ninth Circuit. Counsel also stated that the amended complaint would further delineate the Court's jurisdiction over the surviving claim, in light of the Defendant's belief that this Court is without jurisdiction over the action. Counsel for the Defendant stated that while he was not opposed to the filing of an amended complaint, he was not ready to stipulate to the filing of an amended complaint at that time without first reviewing the proposed amended version. The Court also reminded counsel for the Defendant that it had yet to file an answer to the Complaint.

On November 17, 2006, the Plaintiff requested that default be entered against the Defendant. (Docket No. 26.) On November 20, 2006, the Clerk of Court entered default against the Defendant. (Docket No. 28.) On November 29, 2006, the Defendant moved to set aside the default based on clerical error. (Docket No. 29.) On December 13, 2006, the Plaintiff filed an opposition to the motion to set aside default. (Docket No. 33.)

On December 18, 2006, the Plaintiff filed the instant Motion to Amend. The Plaintiff seeks leave to amend the complaint to assert only the claim remanded (the takings claim) and to address the Defendant's contention that the FAA employee involved in the alleged unlawful taking was acting outside the scope of his employment. The Plaintiff relies on the Rule 15(a)'s liberal standard which provides that leave of court to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because the amendment is not sought in bad faith and based on a lack of prejudice to the opposing party, the Court hereby grants the Plaintiff's Motion to Amend. The Plaintiff shall file an amended complaint within 10 days following service of this Order upon it.

///
///
///
///

Because the Court has permitted the Plaintiff to amend its Complaint, the Court hereby RECOMMENDS that the District Judge grant the Defendant's motion and set aside the entry of default to permit the Defendant to then file an answer or other responsive pleading to the anticipated amended complaint.

SO ORDERED this 14th day of February 2007



**/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge**