ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel : (671) 472-7332
Fax : (671) 472-7215

Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

MAR 1 3 2007 *mba*

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| AMERICOPTERS, LLC, | CIVIL CASE NO. 03-00005 |
| Plaintiff, | |
| vs. | **AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO TRANSFER** |
| FEDERAL AVIATION ADMINISTRATION, | |
| Defendant. | |

The United States respectfully moves for the dismissal of the above entitled case because the Plaintiff fails to state a claim upon which relief may be granted. In the alternative, Defendant requests that this Court transfer this action to the Court of Federal Claims.

STATEMENT OF THE CASE

I.    Nature Of The Case

Plaintiff, Americopters, LLC, filed a complaint in this Court alleging that the Federal Aviation Administration ("FAA") had violated 14 C.F.R. § 13.20(b) and had committed a regulatory taking of its property in violation of the Fifth Amendment to the Constitution. After defendant filed a motion to dismiss, this Court dismissed the complaint by memorandum order dated December 29, 2003 because the Court lacked jurisdiction.

1    Americopters appealed to the Ninth Circuit. The Court of Appeals affirmed in part, but

2    reversed the dismissal of the takings claim and remanded to this Court. Americopters, LLC v.

3    FAA, 441 F.3d 726, 738 (9th Cir. 2006). The court of appeals ruled that Americopters' takings

4    claim was not inescapably intertwined with an administrative challenge to an FAA order because

5    there was no pending FAA order and no previous agency determination on the merits. Id.

6    Americopters subsequently filed its First Amended Complaint and the United States has

7    answered the Complaint. Plaintiff's disclosures allege a takings claim in excess of $10,000

8    (Exhibit 1).

9

10   II.    Statement Of Facts

11          The following facts are taken from Americopters' complaint. We presume them to be

12   true for purposes of this motion only.

13          Americopters ran a helicopter tour business from a rooftop helipad at a restaurant,

14   Chuck's Steak House ("Chuck's"), in Guam. Complaint ("Co.") at ¶ 5. In February 2002,

15   Clarence Kanae, Principal Operations Inspector for the FAA's regional flight standards office,

16   inspected the helipad at Chuck's. Id. According to Americopters, during that visit, Mr. Kanae

17   verbally identified a number of deficiencies of the helipad but never documented these concerns.

18   Id. at ¶ 6. Americopters wrote a letter to Mr. Kanae to "clarify and confirm with you all of the

19   changes that you would like us to make to ... Chuck's" and provided him a list of improvements

20   Americopters intended to make. Co. at ¶7, and Exhibit ("Ex.") A to the Complaint.

21          On June 24, 2002, Americopters received a letter from Mr. Kanae that stated:

22

23          This letter is to inform you that the use of the roof top as a helicopter-pad, at
             Chuck's Steak House, is considered unsafe, and does not meet the [FAA]
24          Advisory Circular 150-5390-2A Heliport Design requirements. This AC is
             [a]dvisory in nature; however, this office feels that [14 C.F.R. § 91.13] will apply
25          to this operation if the AC is not followed. Therefore, this office is requiring that
             your company immediately cease use of the Chuck's Steak House rooftop for all
26          flight operations.

27   Co. at ¶ 10, and Ex. B to the Complaint.

28          On August 13, 2002, counsel for Americopters wrote to the FAA alleging that Mr.

- 2 -

1  Kanae's letter ordered it to cease operations without prior notice in violation of 14 C.F.R. §
2  13.20(b). (Exhibit 2). Americopters requested rescission of the cease operations order,
3  confirmation that planned improvements to the helipad at Chuck's would comply with FAA
4  regulations, and 90 days to install improvements approved by the FAA. Id. In the alternative,
5  Americopters requested a hearing pursuant to § 13.20(c). Id.

6      The Court of Appeals and the FAA agree that Mr. Kanae did not have the authority to
7  issue orders upon behalf of the FAA. Americopters, 441 F.2d at 737.

8      Plaintiff's Amended Complaint now claims a constitutional taking by the FAA.
9  Complaint at ¶ 18.

## ARGUMENT

I.    Standard Of Review

13      A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of
14  Civil Procedure 12(b)(6) if it "appears beyond doubt that the non-movant can prove no set of
15  facts to support its claims." Simpson v. AOL Time Warner Inc., 452 F.3d 1040, 1046 (9th
16  Cir.2006). Alternatively, dismissal can be based upon the lack of a cognizable legal theory.
17  SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F3d 780, 783 (9th Cir.1996). In
18  evaluating such a motion "[a]ll allegations and reasonable inferences are taken as true, and the
19  allegations are construed in the light most favorable to the non-moving party, but conclusory
20  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."
21  Simpson, 452 F.3d at 1046.

II.    The United States Is Not Liable For The Unauthorized Actions Of Its Employees

24      The Little Tucker Act, 28 U.S.C. § 1346(a)(2), confers jurisdiction upon a district court to
25  consider takings claims against the Government that do not exceed $10,000. When district court
26  jurisdiction is based upon the Little Tucker Act, final decisions of the court are appealed to the
27  United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(2).

28      "A 'taking' occurs when the Government exercises its proper contract, property or

- 3 -

1  regulatory power to control property or rights which it does not acquire through purchase."
2  Torres v. United States, 15 Cl. Ct. 212, 215 (1988). The Government may not take private
3  property for public use without providing just compensation. First English Evangelical Lutheran
4  Church of Glendale v. County of Los Angeles, 482 U.S. 304, 314-15 (1987).

5  Under some circumstances, regulatory action infringing upon private property without
6  providing just compensation is invalidated on the basis that it "goes too far." Hodel v. Irving,
7  481 U.S. 704, 718 (1987). However, the "Government hardly could go on if to some extent
8  values incident to property could not be diminished without paying for every such change in the
9  general law." Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 413 (1922). "The general rule at
10  least is, that while property may be regulated to a certain extent, if regulation goes too far it will
11  be recognized as a taking." Id. at 415. The "Fifth Amendment's guarantee . . . [is] designed to
12  bar Government from forcing some people alone to bear public burdens which, in all fairness and
13  justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49
14  (1960).

15  A threshold issue in a takings case is whether the taking is based upon authorized
16  Government conduct. Regional Rail Reorganization Act Cases, 419 U.S. 102, 126-27 n.16
17  (1974); Robert A. Hooe v. United States, 218 U.S. 322 (1910); Short v. United States, 50 F.3d
18  994, 1000 (Fed. Cir. 1995). The plaintiff bears the burden of proving authority as an element of a
19  cause of action for just compensation. Coast Indian Community v. United States, 550 F.2d 639,
20  649 (Ct. Cl. 1977).[1] The act at issue must be "authorized, expressly or by necessary implication, .
21  . . by some act of Congress," in order for the Government to be liable for a taking. Regional Rail
22  Reorganization Act Cases, 419 U.S. at 127 n.16 (quoting Hooe, 218 U.S. at 336).

23

24  [1] The Court of Claims is the predecessor court to the Federal Circuit. In South Corp. v.
25
26  United States, 690 F.2d 1368, 1370 (Fed. Cir.1982), the Federal Circuit adopted the precedent of
27  the Court of Claims.

28

- 4 -

1    Here, both the Circuit Court and the FAA agree that Mr. Kanae's actions were not

2    authorized. Americopters, 441 F.2d at 737. The fact that the actions were unauthorized is fatal

3    to Americopters case. Because the actions were unauthorized, Americopters complaint fails to

4    state a claim upon which relief may be granted. E.g., Regional Rail Reorganization Act Cases,

5    419 U.S. at 127 n.16. Accordingly, the Court should dismiss the complaint.

6

7    III.    In The Alternative, This Court Should Transfer This Action To The Court Of Federal
             Claims Because To Limit Its Claimed Damages Are Greater Than $10,000

8            The Federal transfer statute provides in relevant part:

9
             Whenever a civil action is filed in a court ... and that court finds that there is a
10           want of jurisdiction, the court shall, if it is in the interest of justice, transfer such
             action or appeal to any other such court in which the action or appeal could have
11           been brought at the time it was filed or noticed ....

12   28 U.S.C. § 1631.

13   The determination as to whether a district court or the Court of Federal Claims possesses

14   jurisdiction to consider a takings claim depends upon the amount in controversy. As we stated

15   above, this Court may consider a takings claim if the plaintiff seeks no more than $10,000 in

16   damages. 28 U.S.C. § 1346(a)(2). If the plaintiff seeks more than $10,000, the Court of Federal

17   Claims possesses exclusive jurisdiction to consider the action. Eastern Enterprises v. Apfel, 524

18   U.S. 498, 520 (1998). The Plaintiff in this action is claiming damages in excess of $10,000.

19

20                                         CONCLUSION

21           Plaintiff claims a constitutional taking by the agency based on alleged actions by an FAA

22   employee. That employee was without authority. For a taking to occur by matter of an act of a

23   government employee that act must be accomplished within the scope of his statutory or

24   delegated authority. "Absent such a showing, there can only be a tortious trespass, for which the

25   Fifth Amendment does not require compensation by the sovereign." Coast Indian Community v.

26   United States, 213 Ct. Cl. 129, 550 F. 2d 639 (1977). In this instance, Plaintiff has no set of

27   facts which could support a Fifth Amendment taking claim against the sovereign. Therefore, the

28   Complaint should be dismissed.

- 5 -

1  In the alternative, Plaintiff's constitutional taking claim against the United States in

2  excess of $10,000 places jurisdiction exclusively in the U.S. Court of Claims and the case must

3  be transferred to that Court.

4

5  Respectfully submitted this 13 $^{th}$ day of March 2007.

6

7  LEONARDO M. RAPADAS
   United States Attorney

8  District of Guam and CNMI

9  By: _____

10  MIKEL W. SCHWAB
    Assistant U.S. Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

US Attorney's Office
**Districts of Guam & NMI**

**NOV 22 2006**

Time _____
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

Rec'd in USAO
Civil Division
Nov. 29, 2006

Attorneys for Plaintiff
Americopters, L.L.C.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMERICOPTERS, L.L.C., | CIVIL CASE NO. CIV03-00005 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S *SUPPLEMENTAL* INITIAL DISCLOSURES; DECLARATION OF SERVICE** |
| FEDERAL AVIATION ADMINISTRATION, | |
| Defendant. | |

Plaintiff Americopters, L.L.C. hereby provides the following supplemental initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1).

A.    Persons with Discoverable Information:

[....]

B.    Documents:

[....]

See the attached documents.

C.    Damages:

[....]



GOVERNMENT
EXHIBIT



Please refer to the attached documents for losses Americopters sustained as a result of the action taken by the FAA.

DATED: Hagåtña, Guam, November _27_ , 2006.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Americopters, L.L.C.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on November 2 2 , 2006, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S *SUPPLEMENTAL* INITIAL DISCLOSURES; DECLARATION OF SERVICE upon the following Counsels of record:

> Mikel W. Schwab
> Assist U.S. Attorney
> OFFICE OF THE UNITED STATES ATTORNEY
> DISTRICT OF GUAM AND CNMI
> 108 Hernan Cortez Avenue
> Hagåtña, Guam USA 96910
> **Attorneys for Plaintiff United States of America**

Executed this 2 2 day of November 2006 at Hagåtña, Guam.

DAVID LEDGER



# Americopters

### *An FAA Approved Air Carrier & Air Ambulance*
P. O. Box 9099 ~ Tamuning, Guam, 96931 ~Tel: (671) 649-4664
Fax: (671) 649-4675 ~ email: americopters@guam.net
P. O. Box 1160 ~ Koblerville, Saipan, MP 96950 ~Tel: (670) 234-1304
Fax: (670) 288-6369 - email: americopters@saipan.com

---

| | |
|---|---|
| Loss of Flight Revenue (7-12/02 ^ 7-12/03): | $20,249.81 |
| Decrease in Sales (1-6/02 ^ 1-6/03): | $26,615.81 |
| Merchandise Losses: | $ 6,500.00 |
| Rent: | $14,334.00 |
| Additional Insurance: | $ 7,190.75 |
| Enstrom shipping and resale loss: | $20,000.00 |
| | |
| Total: | $94,890.37 |



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam 96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001000**

## INVOICE

| Customer | |
|---|---|
| Name | Americopters, Inc. |
| Address | P.O. Box 9099 |
| City | Tamuning    Guam   96931 |
| Phone | (671) 649-4664  Fax: (671) 649-4675 |

| | |
|---|---|
| Date | 6/20/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | June 24 - June 30, 2002 | $584.00 | $584.00 |

| | |
|---|---|
| SubTotal | $584.00 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $584.00 |

**Payment Details**

- ◉ Check
- ○ Wire Transfer
- ○ Credit Card

Name
CC #
     Expires

Office Use Only

*Your business is greatly appreciated.*



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam 96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001001**

## INVOICE

| Customer | | Date | 7/1/2002 |
|---|---|---|---|
| Name | Americopters, Inc. | Order No. | |
| Address | P.O. Box 9099 | Rep | |
| City | Tamuning        Guam        96931 | FOB | |
| Phone | (671) 649-4664   Fax: (671) 649-4675 | | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | July 01 - July 31, 2002 | $2,500.00 | $2,500.00 |

| Payment Details | | | |
|---|---|---|---|
| ◉ | Check | SubTotal | $2,500.00 |
| ○ | Wire Transfer | Shipping & Handling | |
| ○ | Credit Card | Taxes | |
| Name | | **TOTAL** | $2,500.00 |
| CC # | | | |
| | Expires | Office Use Only | |

*Your business is greatly appreciated.*



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam 96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001002**

## INVOICE ▬

**Customer**

| | | | | |
|---|---|---|---|---|
| Name | Americopters, Inc. | | | |
| Address | P.O. Box 9099 | | | |
| City | Tamuning | Guam | 96931 | |
| Phone | (671) 649-4664 | Fax: (671) 649-4675 | | |

| | |
|---|---|
| Date | 8/1/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | August 01 - August 31, 2002 | $2,500.00 | $2,500.00 |

| | |
|---|---|
| SubTotal | $2,500.00 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $2,500.00 |

**Payment Details**

- ◉ Check
- ○ Wire Transfer
- ○ Credit Card

Name
CC #
Expires

Office Use Only

*Your business is greatly appreciated.*



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam  96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001003**

## INVOICE —

**Customer**

| | |
|---|---|
| Name | Americopters, Inc. |
| Address | P.O. Box 9099 |
| City | Tamuning          Guam          96931 |
| Phone | (671) 649-4664   Fax: (671) 649-4675 |

| | |
|---|---|
| Date | 9/1/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | September  01 - September 30, 2002 | $2,500.00 | $2,500.00 |

**Payment Details**

◉ Check
◯ Wire Transfer
◯ Credit Card

Name
CC #

Expires

| | |
|---|---|
| SubTotal | $2,500.00 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $2,500.00 |

Office Use Only

*Your business is greatly appreciated.*



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam 96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001004**

## INVOICE

| Customer | |
|---|---|
| Name | Americopters, Inc. |
| Address | P.O. Box 9099 |
| City | Tamuning          Guam          96931 |
| Phone | (671) 649-4664   Fax: (671) 649-4675 |

| | |
|---|---|
| Date | 10/1/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | October 01 - October 31, 2002 | $2,500.00 | $2,500.00 |

| Payment Details | |
|---|---|
| ● | Check |
| ○ | Wire Transfer |
| ○ | Credit Card |
| Name | |
| CC # | |
| | Expires |

| | |
|---|---|
| SubTotal | $2,500.00 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $2,500.00 |

Office Use Only

*Your business is greatly appreciated.*

00006



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam 96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001005**

## INVOICE ▬

| Customer | |
|---|---|
| Name | Americopters, Inc. |
| Address | P.O. Box 9099 |
| City | Tamuning          Guam        96931 |
| Phone | (671) 649-4664   Fax: (671) 649-4675 |

| | |
|---|---|
| Date | 11/1/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | November 01 - November 30, 2002 | $2,500.00 | $2,500.00 |

**Payment Details**

- ◉ Check
- ○ Wire Transfer
- ○ Credit Card

Name
CC #
          Expires

| | |
|---|---|
| SubTotal | $2,500.00 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $2,500.00 |

Office Use Only

*Your business is greatly appreciated.*



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam 96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001006**

# INVOICE =

| Customer | | | | |
|---|---|---|---|---|
| Name | Americopters, Inc. | | | |
| Address | P.O. Box 9099 | | | |
| City | Tamuning | Guam | 96931 | |
| Phone | (671) 649-4664 | Fax: (671) 649-4675 | | |

| | |
|---|---|
| Date | 12/1/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Office Space and Helicopter Pad Rental** | | |
| 1 | December 01 - December 31, 2002 | $2,500.00 | $2,500.00 |

| | |
|---|---|
| SubTotal | $2,500.00 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $2,500.00 |

| Payment Details | |
|---|---|
| ● | Check |
| ○ | Wire Transfer |
| ○ | Credit Card |
| Name | |
| CC # | |
| Expires | |

Office Use Only

*Your business is greatly appreciated.*

00008



# Hansen Helicopters, Inc.

521 E. Harmon Industrial Park
Harmon, Guam  96913
671-649-9580/1 fax 671-649-9582

**Invoice No. 001007**

## INVOICE

| Customer | |
|---|---|
| Name | Americopters, Inc. |
| Address | P.O. Box 9099 |
| City | Tamuning          Guam          96931 |
| Phone | (671) 649-4664   Fax: (671) 649-4675 |

| | |
|---|---|
| Date | 12/15/2002 |
| Order No. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | |
|---|---|---|---|
| | **Prorata billing for insurance coverage while conducting flight operations from Hansen Helicopter hangar.** | | |
| | Aircraft H369H Hull and Liability Premium | | |
| 1 | $14,789.25 X 175/360.= $7,190.75 | $7,190.75 | $7,190.75 |

**Payment Details**
- ◉ Check
- ○ Wire Transfer
- ○ Credit Card

Name
CC #
Expires

| | |
|---|---|
| SubTotal | $7,190.75 |
| Shipping & Handling | |
| Taxes | |
| **TOTAL** | $7,190.75 |

Office Use Only

*Your business is greatly appreciated.*

## Americopter Sales 01-03

| Month | 2001 | | Month | 2002 | | Month | 2003 | |
|---|---|---|---|---|---|---|---|---|
| Jan-01 | 10968.50 | | Jan-02 | 23137.77 | | Jan-03 | 37918.53 | |
| Feb-01 | 13925.80 | | Feb-02 | 27304.06 | | Feb-03 | 28234.45 | |
| Mar-01 | 10550.63 | | Mar-02 | 22322.91 | | Mar-03 | 16817.18 | |
| Apr-01 | 20271.62 | | Apr-02 | 17974.98 | | Apr-03 | 10384.60 | |
| May-01 | 24714.50 | | May-02 | 20020.88 | | May-03 | 15086.50 | |
| Jun-01 | 16280.99 | | Jun-02 | 19520.16 | | Jun-03 | 12005.55 | |
| Jul-01 | 27252.25 | | Jul-02 | 12045.06 | 5287.17 | Jul-03 | 17332.23 | |
| Aug-01 | 24971.95 | 15207.19 | Aug-02 | 16068.98 | 10691.62 | Aug-03 | 26760.60 | |
| Sep-01 | 11033.26 | 8902.97 | Sep-02 | 18159.21 | -153.21 | Sep-03 | 18006.00 | 1089.61 |
| Oct-01 | 13375.30 | -7125.95 | Oct-02 | 16443.89 | -2849.39 | Oct-03 | 13594.50 | 5505.73 |
| Nov-01 | 12495.98 | -3088.59 | Nov-02 | 17681.13 | 3425.47 | Nov-03 | 21106.60 | 7590.38 |
| Dec-01 | 15105.00 | -5185.17 | Dec-02 | 15326.05 | 3848.15 | Dec-03 | 19174.20 | 4935.48 |
| | | -221.06 | | | | | | 7514.61 |
| Total | 8509.40 | | Total | 20249.81 | | Total | 26815.81 | |

00010

Summary
July 2003

| | |
|---|---|
| FIT, Free Indep.Trav. | %37.32 |
| PMT Guam Corp. | 19.16 |
| JPI/Jal Pac Int'l. | 12.20 |
| R&C Tours | 10.54 |
| HIS Tours | 5.00 |
| MDI GUAM CORPORATION | 4.27 |
| Holiday Tours Micronesia | 4.20 |
| NTA/MACH | 3.09 |
| GIT Tours | 2.98 |
| ANA Hallo Tours (USA) Inc. | 0.81 |
| Other | 0.43 |
| Total | $17,332.2 |



■ Dollar Sales

## Sales by Month
### January through December 2003



| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan 03 | Feb 03 | Mar 03 | Apr 03 | May 03 | Jun 03 | Jul 03 | Aug 03 | Sep 03 | Oct 03 | Nov 03 | Dec 03 |

in 1,000's — 40, 30, 20, 10, 0

## Sales Summary
### January through December 2003



| | % |
|---|---|
| ■ PMT Guam Corp. | 24.05 |
| ■ FTT, Free Indep.Trav. | 22.84 |
| JPI/Jal Pac Int'l. | 12.83 |
| ■ F E M A | 12.43 |
| ■ R&C Tours | 10.38 |
| ■ MDI GUAM CORPORATION | 4.0 |
| ■ HIS Tours | 3.5 |
| ■ Holiday Tours Micronesia | 2.52 |
| ■ NTA/MACH | 1.99 |
| ■ GIT Tours | 1.08 |
| ■ Other | 3.95 |
| Total | $234,419.94 |

By Customer

Summary
July 2002

| | % |
|---|---|
| JPI/Jal Pac Int'l. | %25.75 |
| PMT Guam Corp. | 21.63 |
| FIT, Free Indep.Trav. | 15.93 |
| R&C Tours | 12.11 |
| NTA/MACH | 9.07 |
| ANA Hallo Tours (USA) Inc. | 5.65 |
| HIS Tours | 2.84 |
| Holiday Tours Micronesia | 2.76 |
| G H I | 2.04 |
| HIT Tours | 1.16 |
| Other | 1.07 |
| Total | $12,045.06 |



Dollar Sales

Sales by Month
January through December 2002



in 1,000's

| | | |
|---|---|---|
| BAdult Tour | %35.19 | |
| CAdult Tour | 25.85 | |
| AAdult Tour | 18.97 | |
| Charter Svc. | 9.07 | |
| ADPilot Intro | 4.13 | |
| BChild Tour | 2.07 | |
| AChild Tour | 2. | |
| EAdult Tour | 1.75 | |
| CChild Tour | 0.70 | |
| Parts (Shop) | 0.07 | |
| Other | 0.12 | |
| Total | $226,005.1 | |



Sales Summary
January through December 2002



By Item

00014

**Summary**
**July 2001**

| | % |
|---|---|
| ■BAdult Tour | 30.57 |
| ■Charter Svc. | 21.25 |
| CAdult Tour | 20.56 |
| ■AAdult Tour | 14.58 |
| ■ADPilot Intro | 4.40 |
| ■BChild Tour | 3.40 |
| ▲AChild Tour | 3.31 |
| ▲CChild Tour | 1.77 |
| ■T-Shirt Sales | 0.16 |
| Total | $27,252.25 |





**Dollar Sales**

**Sales by Month**
January through December 2001

in 1,000's

30
25
20
15
10
5
0

Jan01 Feb01 Mar01 Apr01 May01 Jun01 Jul01 Aug01 Sep01 Oct01 Nov01 Dec01

**Sales Summary**
January through December 2001

By Item

| | % | $ |
|---|---|---|
| AAdult Tour | 63.74 | -30,153.77 |
| Commission | 12.72 | |
| BAdult Tour | 9.87 | |
| CAdult Tour | 5.90 | |
| Charter Svc. | 4.1 | |
| ADPilot Intro | 1.2 | |
| AChild Tour | 1.19 | |
| BChild Tour | 0.94 | |
| CChild Tour | 0.15 | |
| Other Income | 0.11 | |
| Other | | |
| Sub-Total | | $200,943.76 |

# CARLSMITH BALL

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401

134 WEST SOLEDAD AVENUE, P.O. BOX BF

HAGÁTÑA, GUAM 96932-5027

TELEPHONE (671) 472-6813   FAX (671) 477-4375

WWW.CARLSMITH.COM


August 13, 2002


<u>**VIA FACSIMILE [(310) 725-6816]**</u>
<u>**and CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

Federal Aviation Administration
Western Pacific Region
Office of the Regional Counsel
P.O. Box 92007
Worldway Postal Center
Los Angeles, California 90009-2007

Re:   <u>Americopters, LLC; June 24, 2002 cease operations order regarding</u>
      <u>heli-port at Guam; Request For Hearing under 14 CFR § 13.35.</u>

Dear Regional Counsel:

We are legal counsel for Americopters, LLC, a limited liability company operating on Guam. Americopters provides helicopters rides to tourists and operates from its own heliport located at Chucks Steakhouse, Upper Tumon, Guam.

On June 24, 2002, Honolulu Flight Standards Office issued a cease operations directive to Americopters, a copy of which is attached hereto as Exh. A. Pursuant to 14 CFR § 13.20(c), Americopters hereby contests the directive and, if it proves necessary, requests a hearing on the matter.

1.    <u>Background</u>

On February 14, 2002, Honolulu FSDO conducted pilot checkrides and an inspection of Americopters' heliport. Principal Operations Inspector Clarence Kanae verbally noted what he considered to be deficiencies at the heliport. At the time, Mr. Kanae did not put

anything in writing, nor did he do so later despite repeated requests. As a result, on February 18, 2002, in order to confirm the heliport improvements Mr. Kanae had requested, Americopters wrote to Mr. Kanae (Exh. B). By March 3, 2002, about two weeks later, Mr. Kanae had not responded, and so Americopters re-faxed the letter. Again, Mr. Kanae did not respond. This "no response" pattern from Honolulu FSDO continued until April 2, 2002, (and continues to this day) when Americopters again faxed its February 18th letter to Mr. Kanae, for the *fifth* time (see handwritten notations on Exh. B). Even then Honolulu FSDO did not respond with even the simplest of letters either confirming the heliport improvements it had requested or not. Then, in early June 2002, Americopters' two owners and pilots went to the U.S. Mainland to look for additional aircraft to purchase (See Declarations of Jon Walker and Rufus Crowe attached hereto). Even by then, months after the initial enquiry from Americopters, Honolulu FSDO had not replied to Americopters' February 18th letter. Mr. Walker and Mr. Crowe returned to Guam July 30, 2002 and on July 31st read, for the first time, Exh. A (see Walker and Crowe Declarations).

2.    FSDO's June 24th 2002 cease operations letter (Exh. A)

As stated in their Declarations, Mr. Walker and Mr. Crowe returned to Guam on July 30, 2002, on July 31st found and read Exh. A and immediately referred it to legal counsel. Americopters also wrote a letter of protest to Mr. Peter Beckner, Manager, Honolulu FSDO, and on August 5th couriered and faxed the letter to Mr. Beckner (Exh. (C). Shortly thereafter, Americopters followed up with a phone call to Mr. Beckner, only to be told that neither Mr. Beckner nor Mr. Kanae were available to take the call, nor could the person who did take the call comment on Americopters August 4, 2002 letter. As of the date of this letter, Honolulu FSDO has not responded to Americopters, and Americopters' heliport remains illegally shut down.

3.    The June 24th cease operations order violates 14 CFR § 13.20(b) and must be rescinded.

The purpose of §13.20(b) is to provide the person subject to an order under § 13.20 prior notice and an opportunity to respond, that is to say, *due process of law*. Specifically, 13.20(b) states:

(b)    Unless the *Administrator* determines that an emergency exists and safety in air commerce requires the immediate issuance of an order under this section, the person subject to the order *shall be* provided with notice prior to issuance.

Section 13.20(b) makes prior notice non-discretionary - prior notice *shall be* provided . What's more, a finding of an emergency in air commerce which warrants a cease and desist order

without prior notice is a right reserved to the *Administrator*, not field inspectors. Here, even though the Administrator did not declare an emergency in air commerce, no prior notice of the cease and desist order was given to Americopters. In the circumstances, Americopters was denied due process of law, the June 24th cease and desist order arbitrarily and capriciously violates the law, and therefore must be rescinded.

4.    Conclusion & relief requested.

As explained in Americopters' February 18, 2002 letter, Americopters has always stood ready to make improvements to its heliport, without more demonstrating the purpose underlying the prior notice provision of § 13.20(b). The simple fact is that had Honolulu FSDO followed the law, we wouldn't be here.

In the same vein, before making such capital improvements to the heliport, Americopters only, and understandably, requested confirmation that once made, the requested improvements would in fact be sufficient to meet Mr. Kanae's view of what is required for safe flight operations and, more importantly, to have the heliport deemed in compliance with Federal Aviation Advisory Circular No. 150-5390-2A for heliport design. However, Honolulu FSDO disregarded due process and instead chose to arbitrarily and capriciously refuse to communicate with Americopters, shut down the heliport and ignore the consequences.

Americopters requests the following relief:

1.    Immediate recission of the illegal June 24, 2002 cease operations letter and an opportunity to respond to Honolulu FSDO's verbal request for heliport improvements.

2.    Written confirmation from Honolulu FSDO, or the appropriate authority, that once agreed upon and made, the heliport improvements will be sufficient to have the heliport deemed in compliance with Federal Aviation Advisory Circular No. 150-5390-2A for heliport design and enable Americopters to continue uninterrupted operations from the heliport.

3.    Once the required heliport improvements are identified and confirmed in writing, Americopters would have 90 days to install the improvements.

4.    In the alternative, Americopters requests a hearing on the earliest possible date.

Respectfully submitted,

David Ledger
Attorney for Americopters LLC

DPL:jmc
3144146.1.051998-00034