CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Americopters, LLC

**FILED**
DISTRICT COURT OF GUAM
APR - 3 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMERICOPTERS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>        Defendant. | CIVIL CASE NO. CV03-00005<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS DEPOSITION OF DONALD HAMILTON; DECLARATION OF SERVICE** |

### I. Introduction

On April 2, 2007 Defendant FAA filed a Motion To Suppress the deposition of FAA employee Donald Hamilton. Plaintiff Americopters provided notice of the deposition to opposing counsel on March 27, 2007, and on March 30, 2007 provided proof of service of the deposition notice and subpoena. The FAA's Motion to Suppress is based on 28 U.S.C. § 1292 (d)(4)(B) which provides that all proceedings in the District Court should be stayed if, as in this instance, there is pending a motion to transfer the action to the Court of Federal Claims. Americopters files it Opposition to the motion to suppress, as follows.[1]

---

[1] If the Court allows the deposition, Americopters will amend the Notice of Deposition to re-schedule the deposition to a mutually convenient date and time. Apparently, the deponent is unavailable for deposition on the presently noticed date and time.

4810-6697-5489.1.051998-00034



ORIGINAL

## II. Argument

### A. The taking of the deposition prior to hearing the FAA's Motion To Transfer is reasonably necessary and allowable under 28 U.S.C. § 1292 (d)(4)(B).

While it is true that 28 U.S.C. § 1292 (d)(4)(B) generally precludes further proceedings during the pendency of a motion to transfer an action to the Court of Federal Claims, there are recognized exceptions to this general rule: "The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." *Id.* In the present case, Defendant brings not only a motion to transfer, but also a motion to dismiss. In fact, although Defendant in essence admits in its Motion To Suppress that the Court must stay the companion motion to dismiss while the motion to transfer is pending,[2] on the other hand Defendant oddly contends that the Court should in violation of 28 U.S.C. § 1292 (d)(4)(B) grant the motion to dismiss before the transfer issue is resolved. Defendant can not have it both ways.

Should the Court nonetheless entertain the motion to dismiss without allowing Americopters to take limited discovery by way of deposition of Mr. Hamilton, Americopters will be deprived of evidence that goes to the heart of its opposition to the motion to dismiss. In particular, while the FAA contends dismissal is warranted on grounds that certain actions of FAA employees were "unauthorized" (see FAA's Motion To Dismiss or Transfer filed March 13, 2007), Americopters knows for certain that Mr. Hamilton possesses evidence to the contrary, but obviously can present such evidence to the Court except through testimony by Mr. Hamilton. The evidence possessed by Mr. Hamilton is absolutely crucial in defending against the contention that certain FAA employees engaged in "unauthorized" conduct which resulted in the shut-down of Americopters Flight operations. It is well recognized that the stay of proceedings

---

[2] Defendant cites *Lockheed Marin v. Defense Contract Audit Agency*, 397 F. Supp 659, which is precisely on point for the rule that all proceedings in the district court must be stayed during the pendency of a motion to transfer

4810-6697-5489.1.051998-00034

2.

would not bar interim relief "where it would otherwise be appropriate and where expedition is reasonably necessary." *Consolidated Edison Company of New York v. U.S.*, 54 F. Supp. 2d 364, 366 (S.D.N.Y. 1999); *See also Far West Federal Bank, S.B. v. Director, Office of Thrift Supervision, et al.*, 744 F. Supp 233 (D. Oregon 1990). The Court recognized in *Consolidated Edison Company of New York* that in some cases even a short delay can have a severe impact that deprives the litigant of "important rights or even the primary objective of the litigation." 54 F. Supp. 2d at 366. It is apparent this rationale applies here. The deposition being sought by Americopters will discover information relating to (1) the authenticity of a certain crucial document, and (2) the authority under which that document was issued to Americopters.[3] These are dire issues which bear directly on important rights and Americopters primary objective in the litigation. The Court must not be prevented from hearing evidence which will be discovered by way of deposition in deciding whether or not the District Court of Guam has jurisdiction to entertain Americopters constitutional claim for damages which was remanded by the Ninth Circuit. As the Ninth Circuit stated in *Americopters v. FAA*, 441 F.3rd 726 at 738 (9th Cir. 2006), **"[t]he district court [of Guam] has jurisdiction to consider constitutional claims for damage"** (emphasis added).

Americopters recognizes that the exceptions to the statutory stay on proceedings are meant for extraordinary circumstances where irreparable injury may result. Such irreparable injury will result if the Court allows hearing on the FAA's motion to dismiss before allowing very limited discovery by way of deposition from Mr. Hamilton. Limited discovery to defend

---

[3] The Court should not permit Defendant to conceal the real issue in the underlying litigation -- the authority and certain authorized actions on the part of FAA employees -- by misdirecting the Court's attention to the fact that only the FAA Administrator and specific FAA officers have authority to issue "final enforcement orders" within the meaning of 14 C.F.R. §§ 13.13-13.29 and 49 U.S.C. § 46110, and that the FAA employees involved here were not among those few select individuals. This contention is not in dispute in the underlying litigation. Rather, Americopters contends that certain other authorized actions on the part of FAA employees constituted an unlawful taking of property. (See Americopters Amended Complaint filed February 22, 2007). The fact that the unlawful taking occurred notwithstanding the absence of a "final enforcement order" within the meaning of 14 C.F.R. §§ 13.13-13.29 and 49 U.S.C. § 46110 is wholly unrelated to the authority on which the FAA employees acted in causing the unlawful taking.

against pending dispositive motion is permitted - even in the Court of Federal Claims. In *State of Florida v. United States*, 32 Fed. Cl. 668 (1995) the court faced exactly the same issue now before this Court. In that case the United States moved to suspend discovery until after its dispositive motion was decided. As in the case at hand, the United States asserted that by suspending discovery pending resolution of a dispositive motion, the interests of justice will be served. Said another way, the United States contended that discovery should be suspended because the resolution of its dispositive motion may make further discovery unnecessary. Characterizing this contention as a "bland assertion," id. at 669, the court explained that "the filing of a motion pursuant to Rule 12(b), 12(c) or 56 shall not suspend discovery unless for good cause shown ***on separate motion*** the court in its discretion so orders." Id. (emphasis added). The Court explained further:

> The second reason why this court should deny defendant's motion to suspend discovery is that the court must allow discovery relevant to plaintiff's opposition to defendant's dispositive motion. Suspension of discovery is not always appropriate when a dispositive motion is pending. When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion. .... [I]t would certainly border on an abuse of discretion for this trial court to suspend discovery where a plaintiff opposing said dispositive motion makes a showing that it needs discovery to aid in its opposition.

Id. at 670. Here, the requisite showing is made. The FAA has moved to dismiss Americopters complaint on grounds that the complaint fails to state a claim. In particular, that the actions complained of on the part of a certain FAA employee were "unauthorized," and that the United States is not liable for "unauthorized" acts of its employees. First, these are not facts which have been stipulated to. Second, discovery from Mr. Hamilton is relevant to the issue of the authority of FAA employees working under him and in particular the FAA employee which caused

Americopters to shut down its Flight operations. Third, discovery from Mr. Hamilton will shed bright light on the authority on which the FAA employee acted when he instructed Americopters to cease flight operations. Fourth, such discovery would certainly aid Americopters in its opposition to the FAA's Motion to Dismiss. With this showing, lifting the statutory stay regarding this very limited discovery is reasonably necessary and appropriate under the circumstances and applicable law.

### B. If the Court Does Not Allow the Taking of the Proposed Deposition, It Should Stay the Hearing on the Motion to Dismiss Until Such Discovery Can Be Completed.

Defendant's Motion to Suppress Deposition states "[t]he transfer statute *requires* that the District Court consider the transfer *rather than* an outright dismissal," but then goes on to ask the Court for an outright dismissal because it would be "most judicious" (emphasis added). Defendant is attempting to have it both ways. In other words, Defendant states the standard for a motion to transfer, then ignores it.

The legislative purpose behind 28 U.S.C. §1292 (d)(4)(B) is to resolve jurisdictional conflicts at the outset of litigation and avoid duplicative arguments on the merits in the wrong trial court. *Mitchell v. U.S.*, 930 F.2d 893 (Fed. Cir. 1991). Americopters agrees this makes perfect sense. Americopters does not want to litigate its claims first in the wrong court and then again in the proper one. Where jurisdiction and transfer to the Court of Federal Claims is in issue, as it is here, it must be the primary concern of the Court and decided before any other issue can be heard. Again, the legislative intent behind the enactment of the stay provision of the statute is the economy to both the Courts and the parties in receiving a final determination on jurisdictional questions before wasting valuable time and resources litigating the merits of the case in the wrong forum. *Consolidated Edison Company of New York*, 54 F. Supp. 2d at 366.

The proposed deposition has direct relevancy on the grounds asserted for dismissal, as well as the jurisdiction of this Court to hear the takings claims. Therefore, if the Court does not lift the statutory stay to allow the deposition before hearing the FAA's combined motion to transfer and dismiss, the Court should, at a minimum,[4] stay the hearing on the motion to dismiss until the deposition can be completed. Not only would this result be in perfect concert with the law, it would be inequitable to gag and tie the hands of Americopters by denying limited discovery, yet permit Defendant to proceed on its motion to dismiss the case. Such proceedings may well end with a disastrous result, stripping Americopters of a legitimate claim by permitting Defendant to suppress evidence which supports this Court's jurisdiction to hear the takings claim.

C.  **Conclusion**

As aptly explained by the Court in *Florida v. United States*, the 28 U.S.C. § 1292 (d)(4)(B) stay on proceedings is not intended to lessen the burden on Defendant, or make success more likely on a dispositive motion by impairing Americopters ability to conduct limited yet crucial discovery. To rule otherwise at this stage in the case would be to give conclusive weight to the FAA's contention that its employee acted without authority when he told Americopters to cease flight operations. The statute is intended to make the process more judicious, economical and effective. Therefore, the Court should either lift the stay on the Hamilton deposition or stay the FAA's Motion to Dismiss until the transfer Motion is decided.

DATED: Hagåtña, Guam, April 3, 2007.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. McDONALD
Attorneys for Plaintiff
Americopters, LLC

---

[4] The "maximum" would be to invoke *sua sponte* 28 U.S.C. §1292 (d)(4)(B) and stay the motion to dismiss until the motion to transfer is determined

4810-6697-5489.1.051998-00034                6.

## DECLARATION OF SERVICE

I, DAVID LEDGER, hereby declare under penalty of perjury of the laws of the United States, that on April 3, 2007, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS DEPOSITION OF DONALD HAMILTON; DECLARATION OF SERVICE upon the following Counsel of record:

> Mikel W. Schwab
> Assistant U.S. Attorney
> OFFICE OF THE UNITED STATES ATTORNEY
> DISTRICT OF GUAM AND CNMI
> 108 Hernan Cortez Avenue
> Hagåtña, Guam USA 96910
> **Attorneys for Plaintiff United States of America**

Executed this 3rd day of April 2007 at Hagåtña, Guam.

_/s/ David Ledger_
DAVID LEDGER