# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| AMERICOPTERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | CIVIL CASE NO. 03-00005<br><br><br><br>**ORDER** |

## ORDER

This case is before the Court on the Defendant's Motion to Suppress Deposition. (Docket No. 57.) The United States requests the Court to quash the Plaintiff's Notice of Deposition of Donald Hamilton on the basis that such discovery is prohibited pursuant to 28 U.S.C. § 1292(d)(4)(B). This statute provides in pertinent part:

> When a motion to transfer an action to the Court of Federal Claims is filed in a district court, *no further proceedings shall be taken* in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary. (Emphasis added.)

In the instant case, the Defendant filed an Amended Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Transfer. (Docket No. 47.) Therein, the Defendant alternatively requested that this action be transferred to the Court of Federal Claims. Said motion is scheduled for hearing before the District Judge on May 8, 2007.

1. The Plaintiff opposes the motion to quash the deposition. (Docket No. 60.) The Plaintiff asserts that the deposition is necessary because discovery from Mr. Hamilton would aid it in its opposition to the pending motion to dismiss.

While the testimony from Mr. Hamilton may be helpful in defending against the motion to dismiss, the statute here clearly provides that all proceedings be stayed until 60 days after a ruling on the motion to transfer. This express language of the Section 1292 precludes the Court from lifting the stay until the motion to transfer has been resolved. As one court has stated in analyzing the legislative history of Section 1292, "The House Report's use of the terms "exception" (in reference to the lifting of the stay) and "extraordinary relief" (in reference to the circumstances under which the stay should be lifted) suggest[s] . . . that Congress did not intend for the stay to be lifted for purposes of general discovery." Consolidated Edison Co. of New York v. U.S., 54 F.Supp.2d 364, 367 (S.D.N.Y. 1999). Accordingly, the Court hereby GRANTS the Defendant's Motion to Suppress Deposition. However, in the event the alternative motion to transfer is denied, the Court also recommends that the District Judge permit the Plaintiff to depose Mr. Hamilton before it takes action on the motion to dismiss.



**/s/ Joaquin V.E. Manibusan, Jr.**
    **U.S. Magistrate Judge**
**Dated: Apr 12, 2007**